**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


WILLIE L. HILL, ADMINISTRATOR OF THE
ESTATE OF WILLIAM FRANK HILL, FOR AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES                                              PLAINTIFF

V.                                        CIVIL ACTION NO. 3:04-cv-961WSu

AETNA LIFE INSURANCE COMPANY AND
CLOROX PRODUCTS AND
MANUFACTURING COMPANY                                  DEFENDANTS


**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court are the separate motions of the defendants, Clorox

International Company, formerly known as "Clorox Products Manufacturing Company"

and erroneously sued herein as "Clorox Products and Manufacturing Company"

(hereinafter "Clorox") **[Docket no. 23]**, and Aetna Life Insurance Company

(hereinafter "Aetna") **[Docket no. 25]**, for summary judgment, filed pursuant to

Federal Rule of Civil Procedure 56(b)[1] and (c).[2]  Plaintiff here, Willie L. Hill,

administrator of the estate of William Frank Hill, filed the above-styled and numbered

---

[1]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2]Federal Rule of Civil Procedure 56(c) provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

lawsuit against the defendants for insurance proceeds pursuant to the terms of a group supplemental accident death and dismemberment insurance policy. In their separate submissions in support of their respective motions for summary judgment, the defendants assert that plaintiff's claim for death proceeds is not valid as a matter of law, because William Frank Hill's death was caused or contributed to by the use of alcohol. Defendant Clorox additionally argues that it is not a proper party to this civil litigation. For the reasons enunciated below, the court finds the defendants' motions well-taken and, therefore, grants the separate motions for summary judgment.

## JURISDICTION

Plaintiff initially alleged the state law claims of breach of contract; fraud; breach of fiduciary duty; breach of duty of good faith and fair dealing; negligence; and gross negligence against the defendants for the denial of the death benefits. Plaintiff presently agrees that the Employee Retirement Income Security Act (ERISA), codified at Title U.S.C. §§ 1002(1)- 1002(1)(A) (1999), completely preempts his state law claims, a circumstance which provides this court subject matter jurisdiction under Title 28 U.S.C. § 1331.[3]

## BACKGROUND

On November 3, 2001, William Frank Hill (hereinafter "Hill" or "decedent") was killed in a single-vehicle accident in Copiah County, Mississippi. Toxicology records show that Hill's blood alcohol level at the time of the accident was 0.22g/100ml, more

---

[3]Title 28 U.S.C. § 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

than double the legal limit, .08g/100ml, for operating a motor vehicle in the State of Mississippi.  Miss. Code Ann. § 63-11-30(1)(c) (Supp. 2003).

At the time of his death, Hill was employed by Clorox and participated in the employee benefit plan (hereinafter "the Clorox Plan") offered by Clorox.  Aetna administers the Clorox Plan, which contains two components relevant to this lawsuit: 1) a life insurance policy, and 2) a group supplemental accidental death and dismemberment insurance policy (hereinafter "AD&D Policy").  Hill participated in both components of the Clorox Plan.

On May 6, 2002, plaintiff, Administrator of the Estate of William Frank Hill, submitted a "Proof of Death" form to Aetna, which requested the death proceeds from both insurance plans.  Aetna paid the proceeds on the claim for death proceeds from the life insurance policy, but denied plaintiff's claim for death proceeds from the AD&D Policy.

According to the defendants, the claim was denied because the AD&D Policy contains a provision which excludes the payment of any proceeds where the decedent's death was caused or contributed to by the use of alcohol.  Neither party disputes that at the time of Hill's death, his blood alcohol level was 0.22g/100ml.

Plaintiff instead argues that he is entitled to the death proceeds, because of conflicting language in the Clorox Plan insurance policy document and the Clorox Employees Benefits Handbook (hereinafter "Clorox SPD"), which was issued by Clorox as a Summary Plan Description.  The AD&D Policy, within the Clorox Plan, specifically excludes the payment of death proceeds where alcohol is a contributing

3

factor in the plan participant's death.  The Clorox Employee Benefits Handbook

("Clorox SPD") contains the following exclusion in regard to AD&D benefits:

> In addition, AD&D does not cover losses resulting from
> voluntary self-administration of any drug or chemical
> substance not prescribed by and taken according to the
> directions of a doctor.

Plaintiff asserts that the two documents are materially different and that Hill

received only the Clorox SPD and not the Clorox Plan insurance policy document.

According to plaintiff, this alleged variance entitles him to a judgment in his favor.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be entered only if "[t]here is no genuine issue as to

any material fact and ... the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56.  The party seeking summary judgment has the initial burden of

demonstrating through the evidentiary materials that there is no actual dispute as to

any material fact in the case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On

motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of

determining whether there is a need for a trial – whether, in other words, there are any

genuine factual issues that properly can be resolved only by a finder of fact because

they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 250 (1986).

In determining whether this burden has been met, the court should view the

evidence introduced and all factual inferences from that evidence in the light most

favorable to the party opposing the motion.  *Id.*  Furthermore, "the plain language of

Rule 56(c) mandates the entry of summary judgment, after adequate time for

4

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

In making a summary judgment determination, the court should not conduct a trial by affidavit;  rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255.  Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial.  *Impossible Elec. Tech. v. Wachenhut Protection Sys.*, 669 F.2d 1026, 1037 (5th Cir. 1982).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56,  inform the court of specific facts showing that there is a genuine issue for trial.  *Celotex,* 477 U.S. at 324.  Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson,* 477 U.S. at 248.  There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor.  *Id.* at 249.  The relevant inquiry is whether there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251.  The issue must be genuine, and not pretended, and the evidence relied on to

5

create such an issue must be substantial.  *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## ANALYSIS

A.      *Whether Clorox is a proper party to this lawsuit.*

Defendant Clorox contends that the Clorox Plan is a separate legal entity under ERISA capable of both bringing suit and being sued,  Title 29 U.S.C. § 1132(d)(1) (stating that "an employee benefit plan may sue or be sued . . . as an entity"), and that the Clorox Plan, not Clorox, is the proper defendant in this civil lawsuit.  The plaintiff opposes Clorox's position, arguing that Clorox is the proper defendant here because Clorox is: 1) closely intertwined with the Clorox Plan; 2) the Clorox Plan sponsor; and 3)the Clorox Plan administrator.

The court is not persuaded by the plaintiff's argument and, therefore, dismisses Clorox as a defendant in this civil lawsuit.  The court's reasoning is set out below.

A Circuit split in the legal authority exists whether a plan is the only proper defendant in a lawsuit to recover insurance benefits under ERISA.[4]  The Fifth Circuit, though, allows a plaintiff to state a cause of action against an employer for the wrongful denial of insurance benefits where "the ERISA-regulated plan has no existence apart from the corporate employer and is an unfunded benefit plan self-

---

[4]*Compare Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1996) (holding that "ERISA permits suits to recover benefits only against the plan as an entity"), *and Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir. 1985) (per curiam), *with Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (holding that ERISA permits an entity other than a plan to be sued to recover benefits if that entity is a fiduciary with sufficient discretionary authority and responsibility in the administration of the plan), *and Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (same).

6

administered by the employer." *Blum v. Spectrum Rest. Group, Inc.*, 261 F. Supp.2d 697, 708-09 (E.D. Tex. 2003) (citing *Slaughter v. AT & T Info. Sys., Inc.*, 905 F.2d 92, 94 (5th Cir. 1990)).

ERISA explicitly recognizes employment benefit plans as separate legal entities capable of suing and being sued.  Title 29 U.S.C. § 1132(d)(1).  In order to attain this separate legal status, ERISA requires that an employer create and maintain an employee benefit plan pursuant to a written instrument and promulgate a Summary Plan Description (SPD).  *Id.*  As the Clorox Plan sponsor and administrator in name only, Clorox states that it fulfilled these legal requirements.  All other duties, says Clorox, including full discretionary authority, were delegated to Aetna.  As such, Clorox contends that the Clorox Plan is fully administered by Aetna: Aetna funds the Clorox Plan;  Aetna is designated as the ERISA claims fiduciary; Aetna has the discretion authority to determine whether and to what extent benefits are administered to employees and beneficiaries;  and Aetna is vested with complete authority to review all claims for benefits.

Plaintiff does not proffer any evidence disputing that the Clorox Plan is administered by Aetna, nor does he offer any evidence that the Clorox Plan is underfunded.  Plaintiff's sole contention is that the Clorox Plan is "one in the same" with Clorox, because Clorox provides the plan.

Plaintiff's bald allegations simply do not demonstrate that the Clorox Plan has no existence apart from Clorox, nor has the plaintiff shown that the Clorox Plan is underfunded or self-administered by the Clorox.  So, based on the evidence in the

record, this court finds that the Clorox Plan is a separate legal entity fully administered by Aetna.  This court further finds, then, that the Clorox Plan, and not Clorox, is the proper defendant in this lawsuit.

B.      Whether Plaintiff Has Stated A Cognizable ERISA Claim

Aetna argues that plaintiff's state law claims are completely preempted by ERISA and must be dismissed as a matter of law.  Plaintiff does not dispute that all of his state law claims are preempted by ERISA;  however, plaintiff argues that he has alleged facts sufficient to maintain his lawsuit against Aetna.  The court agrees with plaintiff.

The civil enforcement provisions[5] of ERISA are the exclusive avenues through which a plaintiff may assert his claims for benefits from an ERISA-regulated plan. *Pilot Life  Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107, S.Ct. 1549, 1555 (1987).  In essence, once triggered, ERISA's civil enforcement mechanism effectively converts a plaintiff's complaint alleging state law torts into one stating a federal cause of action under ERISA.  In determining whether to grant a defendant's motion for summary judgment based on ERISA's civil enforcement provisions, the court must first determine whether the plaintiff's complaint asserts a cause of action based on federal ERISA jurisprudence or alleges facts sufficient to support an ERISA claim.  *See Boren v. N.L. /ndus.*, 889 F.2d 1463, 1465 (5th Cir. 1989).  Specifically, the court must determine whether the plaintiff could have brought his claim under ERISA, that is

---

[5]The Fifth Circuit has determined that civil enforcement provision does not provide for the recovery of extra-contractual or punitive damages. *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 31 (5th Cir. 1993).

8

whether the plaintiff's complaint seeks to recover benefits due to him under the terms of an ERISA-regulated plan or to enforce rights under the aforementioned plan. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211, 124 S.Ct. 2488, 2496 159 L.3d.2d 312 (2004).  Having reviewed the plaintiff's complaint, this court is convinced that plaintiff's complaint sufficiently alleges facts necessary to state a cognizable ERISA claim.

In sum, plaintiff's complaint alleges two important facts: (1) Aetna provided and administered the Clorox Plan, and (2) Aetna denied plaintiff's claim for death benefits arising out of the death of Hill.  Importantly, plaintiff's complaint avers that plaintiff was denied benefits as promised under the terms of an ERISA-regulated employee benefit plan, a claim which falls squarely within the purview of ERISA.  *Davila*, 542 U.S. at 211.  Accordingly, the court determines that plaintiff has alleged facts sufficient to properly state a cognizable ERISA claim.

C.    *Whether Decedent Was Covered Under The AD&D Policy*

Aetna additionally asserts that it did not abuse its discretion in denying plaintiff's claims for death proceeds on the grounds that the claims were not covered under the AD&D Policy.  This court agrees.

The court applies the arbitrary and capricious standard of review in determining whether Aetna wrongfully denied the plaintiff's claim for death proceeds.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989);  *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995) (holding that the arbitrary and capricious standard is equivalent to the abuse of discretion standard in the Fifth Circuit).  Under the arbitrary and capricious standard of

9

review, courts may not reverse a claims administrator's decision to deny benefits if it is supported by substantial evidence.  *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 273 (5th Cir. 2004).  "Substantial evidence is more than a scintilla, less than a preponderance, and is relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

In the case *sub judice*, plaintiff alleges that Aetna wrongfully denied his claim for death proceeds based on an alleged inconsistency between the language of the Clorox Plan's complete, detailed insurance policy document and the Clorox SPD, the summary.  Relying on the Fifth Circuit holding in *Hanson v. Continental Ins.*, 940 F.2d 971 (1991), plaintiff asserts that when a Summary Plan Description, under ERISA, conflicts with the complete, detailed ERISA plan document, a plan participant may state a claim for plan benefits based on the language of the Summary Plan Description.

Plaintiff's reliance on *Hanson* is misplaced.  Plaintiff's assertion that an inconsistency exists between the language of the detailed Clorox Plan insurance policy and the Clorox SPD is erroneous.  Summary Plan Descriptions are required by statute and must be written in a manner sufficiently accurate and comprehensive to reasonably apprise plan participants and beneficiaries of their rights and obligations under the plan.  Title 29 U.S.C. § 1022(a).  Summary Plan Descriptions must contain statements "clearly identifying circumstances which may result in disqualification, ineligibility, or denial . . . of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide."  29 C.F.R. § 2520.102-3(1).

10

In the instant case, the group Clorox Plan insurance policy explicitly excludes losses caused by the use of alcohol.  The Clorox SPD excludes losses resulting from the "voluntary self-administration of any drug or chemical substance."

Both documents address alcohol, which is both a drug and a chemical substance.  Alcohol whether beer or whiskey is a drug.[6]  Any fermented liquor, such as wine, beer, or distilled liquor, that contains ethyl alcohol, or ethanol ($CH_3 CH_2 OH$), is an intoxicating agent.[7]

In *Republican College Council of Pennsylvania v. Winner*, 357 F.Supp. 739, 742 (E.D. Penn. 1973), the district court quoted as follows from the National Committee on Marijuana and Drug Abuse's study entitled "Drug Use in America: Problem in Perspective (1973 at 143):"

> "A alcohol dependence is without question the most serious drug problem in this country today."
>
> Alcohol is one of the few psychoactive substances with a high reinforcement potential, a demonstrated prevalence of chronic use, and high potential for disruption or impairment of social functioning accompanying a single dose, accompanying chronic administration, and accompanying interruption of chronic administration.

---

[6] See *U.S. v. White*, 902 F.Supp. 1347,1354 (D. Kan. 1995); Gregory E. Skipper, MD,  *The Addicted Attorney: The Counselor Needs A Counselor*, 62 Ala. Law. 131 (2001); *Constitutional Limits On Employer's Right To Dictate The Terms Of An Adict's Recovery Under The ADA: Some Sobering Concerns (See* Erich Goode, Drugs In The American Society, 155 (1993) (arguing "alcohol is a drug in precisely the same sense that LSD, heroin, and cocaine are") 44 Wayne L. Rev. 1679, 1744 (1999); *Fit For Duty? Cops, Choirpractice, And Another Chance For Healing*, 47 U. Miami L. Rev. 1079, 1157 (1993).

[7] See http://www.britanica.com/eb/article-9005514/alcoholic-beverage (last visited March 1, 2007).

Therefore, this court determines that no inconsistences exist between the Clorox SPD and the Clorox Plan insurance policy document.  Both documents exclude from recovery losses resulting from the voluntary consumption of alcohol;  thus properly placing the plaintiff on notice of his rights and obligations under the AD&D Policy.

Moreover, neither under statute nor promulgated regulations must the language used in a Summary Plan Description be identical to the language in a complete, detailed ERISA plan document.  To mandate such would be  inapposite to Congress's purpose for requiring employers to draft Summary Plan Descriptions.  The purpose of the Summary Plan Description is to provide the employee with a neat, concise, and more digestible explanation of the complete ERISA plan's benefits and obligations, not to lay out every expressed term of the ERISA plan document.  The language in the Clorox SPD must be "sufficiently accurate and comprehensive to reasonably apprise participants and beneficiaries of their rights and obligations under the plan."  *Hanson*, 940 F.2d at 980.  As stated earlier, the Clorox SPD reasonably places all participants and beneficiaries on notice that all losses incurred as the result of the voluntary self-administration of a chemical substance, such as alcohol, are not covered by AD&D Policy.

Plaintiff's campaign for death proceeds suffers yet another blow.  No evidence in the record establishes that William Frank Hill relied upon language in the Clorox Handbook to his detriment or that he was prejudiced by any alleged inconsistency. Plaintiff has offered no evidence to show that plaintiff was confused over whether

alcohol is a drug and that had he understood it to be so that he would not have indulged on the fatal day in question.

Consequently, this court is not persuaded that Aetna lacked substantial evidence to support its determination to deny plaintiff's claims for benefits relating to the accidental death of Hill.  It is undisputed that Hill's blood alcohol level was double the legal limit for operating a vehicle when he had the accident that caused his death. It is also undisputed that alcohol was, in part, the cause of the accident. Further, plaintiff has offered no proof to show that William Frank Hill imbibed alcohol because he was confused whether alcohol was a drug.  As a result, this court grants Aetna's motion for summary judgment.

## CONCLUSION

This court, having found that the Clorox Plan is a separate legal entity under ERISA capable of both bringing suit and being sued, and not merely a nominal party, finds that the Clorox Plan, not Clorox, is the proper defendant in this civil lawsuit for the denial of insurance benefits.  Therefore, this court grants Clorox's Motion for Summary Judgment [docket no. 23].

This court also finds that no inconsistence exists between the language of the Clorox SPD and Clorox Plan insurance policy document.  Additionally, the court finds that the Clorox SPD sufficiently notifies all plan participants and beneficiaries that all losses incurred as the result of the voluntary self-administration of alcohol are not covered by AD&D Policy.  Accordingly, this court concludes that Aetna did not abuse its discretion in denying plaintiff's claims for death benefits under the AD&D Policy.

13

Consequentially, the court grants Aetna's Motion for Summary Judgment [docket no. 25].

All other pending motions are hereby terminated as moot.  The court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED** this the 5th day of March, 2008.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:04-cv-961WSu
Order